106 F.3d 406
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jack ANGELLO, Plaintiff-Appellant,
v.
COMMONWEALTH OF the NORTHERN MARIANA ISLAND, a Commonwealth
of the United States of America; Board of Education, an
agency of the Commonwealth of the Northern Mariana Islands;
Public School System, an education system of the Northern
Mariana Islands; Commissioner of Education of the Public
School System, William S. Torres, in his official capacity,
Defendants-Appellees.
 No. 95-16273.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 21, 1997.*
Decided Jan. 23, 1997.
 
 Before: O'SCANNLAIN, LEAVY, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jack Angello appeals pro se the district court's summary judgment for defendants[1] in his action alleging a violation of Title VII of the 1964 Civil Rights Act. Angello contends that the defendants refused to renew his employment contract as principal of a Northern Marianna Island high school because he is a white, male citizen of mainland United States. We have jurisdiction pursuant to 28 U.S.C. 1291. We review de novo, Kruso v. International Tel. & Tel., 872 F.2d 1416, 1421 (9th Cir.1989), and we affirm.
 
 
 3
 To survive a summary judgment motion, a plaintiff asserting a claim under Title VII must first establish a prima facie case of discrimination. See Pejic v. Hughes Helicopters, Inc., 840 F.2d 667, 672 (9th Cir.1988). Once the employee establishes the prima facie case, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the action taken against the employee. Id. If the employer carries its burden, the employee must demonstrate that the employer's proffered reason was pretextual. Id.
 
 
 4
 Assuming without deciding that the failure to renew Angello's excepted service contract amounted to a termination, Angello could establish a prima facie case by showing that: (1) he is a member of a protected class; (2) he was qualified for his position; (3) his employment was terminated; and (4) his employer replaced him with a person who was not a member of plaintiff's protected class. See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506 (1993).
 
 
 5
 Here, Angello was replaced by another white, male citizen of the mainland United States, and therefore, fails to meet the fourth element of a prima facie case of discrimination. See id. Moreover, Angello failed to provide any direct or circumstantial evidence of disparate treatment on account of race or national origin. See Warren v. City of Carlsbad, 58 F.3d 439, 442 n. 1 (9th Cir.1995). Because Angello failed carry his burden of establishing a prima facie case of discrimination, we conclude that the district court properly granted summary judgment for the defendants. See Pejic, 840 F.2d at 673.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. In addition, Angello's request for judicial notice is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court dismissed the Commonwealth of the Northern Marianna Islands and the Board of Education because they were not Angello's "employer" within the meaning of the 1964 Civil Rights Act. Additionally, the district court dismissed Angello's civil service complaint because he failed to exhaust his administrative remedies. Angello did not appeal these rulings